## JOHN NIEMEYER

*v.*

## OPHELIA A. BROOKS.

CONTRACTS — *when not payable at a particular time — demand.* Where time of payment is not specified in a contract, the law will presume that it was intended by the parties to be paid in a reasonable time. In such case, a demand before suit is not necessary.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJ. R. SHELDON, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Messrs. MEACHAM & COCHRAN, for the appellant.

Messrs. GOODWIN & WILLIAMS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant, on the 3d of February, 1857, obtained an allowance, in the probate court of Lee county, against the estate of Joseph B. Brooks, for the sum of $1,924.98, on a number of promissory notes which he held against deceased. A part of them were given by him alone, another for the sum of $300 was given by him and Little jointly, with one Alexander as security. And one for $300 was given by Brooks with Little as security. Afterward appellant received a dividend of 25 per cent on the allowance against the estate. Subsequently he borrowed of appellee, who was the widow of Brooks, $800, of her own funds, and to secure the same he gave to her an order on the administrator of her husband's estate for that amount with interest, to be paid out of the first dividends on the claim allowed in his favor.

The administrator having paid no further dividend, appellant went to Little and Alexander, and they, as securities upon the notes allowed against the estate, paid him $574.22, and he assigned that amount of the claim which he held against the estate to them. Appellee afterward sued appellant, in an action of assumpsit, and filed a declaration containing the common counts; to which appellant filed the plea of the general issue, and a trial was had by the court, on the consent of the parties that a jury should be dispensed with; and the issues were found for the appellee and the damages assessed at $574.22. Appellant entered a motion for a new trial which was overruled by the court, and judgment was rendered for appellee.

The evidence in this case clearly shows that appellant borrowed the sum of $800 of appellee. There can be no pretense that this sum was paid by her to purchase that amount of the allowance against her husband's estate. It was regarded by all parties as a loan and not as a sale of any portion of appellant's claim against the estate. The order on the administrator was given as a security for the loan; but does not appear to have been intended as a sale of that amount of the allowance or as a satisfaction for the money thus loaned. We can find no evidence in this record, from which it can be inferred that the

order was taken, or understood to be, in payment of the loan. No doubt the parties supposed that there would be dividends paid upon appellant's claim, and that they would discharge his debt for the money thus loaned. But the evidence discloses the fact that no further dividends were made by the administrator on the claims allowed against Brooks' estate.

It is true that no time was fixed for payment of the money when the loan was made. But the law will presume that it was intended by the parties to be in a reasonable time. This the law will imply in the absence of a time agreed upon by the parties. It appears that the loan was made about the 17th day of July, 1857, and the suit in this case was not brought until the 1st day of October, 1864, more than seven years after the loan. There was, therefore, more than a reasonable time within which the money should have been paid. The money had become due long before the suit was brought; of this there can be no question.

It may, however, be said, that a demand was necessary before an action could be maintained. As a general rule, when no time is fixed for the payment of money, or the performance of some other act, the party to whom payment should be made, or for whose benefit such act is to be performed, should, before bringing suit, make a demand. But in most cases the service of a summons is considered a sufficient demand. Chitty, in his work on contracts, 629, says, "Unless there be an express stipulation in the contract, or it be requisite from the nature thereof, that a request or demand of performance be made, such request or demand is not essential to complete the cause of action; but the party is bound to perform his contract without being required so to do, as in the common case of a contract to pay a sum of money generally, or upon a certain day."

In the case of *Gibbs* v. *Southam*, 5 Barn. & Adol. 911, which was an action on a bond for the payment of a sum of money, but no time was named, it was held on a plea that there had been no demand, that it was unnecessary. And LITTLEDALE, J., in delivering the opinion, refers to Coke's Littleton, 208 a,

where it is said, that, "In case of a condition of a bond, there is a diversity between a condition of an obligation which concerns the doing of a transitory act without limitation of any time, as payment of money, delivery of charters, or the like, for there the condition is to be performed presently, that is, in a convenient time; and when, by the condition of the obligation, the act that is to be done to the obligee is of its own nature local, for there the obligor (no time being limited) hath time during his life to perform it, as to make a feoffment, etc., if the obligee doth not hasten the same by request." From these authorities it is apparent that when a party agrees to pay a sum of money, and no time is specified therefor, the law implies that it shall be done in a reasonable time. It then follows, that, as a reasonable time had certainly elapsed in this case, appellee had a right to maintain her action.

So far as the evidence discloses, the finding was much less than appellee was entitled to recover, but of that appellant has no right to complain. The judgment of the court below must be affirmed.

*Judgment affirmed.*