## FALL RIVER COUNTY v. MINNEKAHTA STATE BANK.

In an action by a county against a bank, to compel defendant to surrender to the county clerk, for cancellatiòn, a county warrant, and satisfy a judgment obtained thereon by defendant, and to enjoin defendant from assigning or disposing of such judgment, the petition alleged, in substance, that defendant refused to satisfy such judgment out of moneys deposited in the bank pending the litigation for the purpose of paying any judgment it might obtain on such warrant, pursuant to an agreement between it and plaintiff's treasurer; that such treasurer and the clerk of the circuit court had, in behalf of the county, demanded of the

bank that it apply such deposit to the payment of such judgment, and satisfy the same, and tendered a check for the amount; that the bank and the county treasurer and his bondsmen were each and all insolvent; and that defendant had assigned such warrant, and was about to assign and transfer such judgment, etc.   *Held*, that the petition stated a cause of action.

(Opinion filed May 19, 1896.)

Appeal from circuit court, Fall River county.   Hon. WILLIAM GARDNER, Judge.

Action for an injunction, etc.   From an order sustaining a demurrer to the complaint, plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Chambers Kellar* and *Wilson & Wilson*, for appellant.

Defendant bank upon receiving the deposits of Bradley, with knowledge as to their character as public funds, became the trustee of the county, and the county as *cestui que trust* can maintain this action, and the complaint is sufficient.   §§ 1662, 1665, Comp. Laws; Ind. Sch. Dist. v. King, 45 N. W. 908; Myers v. Board, 32 Pac. 659; San Diego Co. v. Bank, 52 Fed. 59; Manlton v. McElean, 39 Pac. 78; Peak v. Elliot, 1 Pac. 502; People v. Bank, 96, N. Y. 32.

It is not necessary that the claim of the county for the funds wrongfully held by defendant should have been placed in judgment.   22 Am. & Eng. Encyc. Law 451; Hobbs v. Duff, 23 Cal. 606-625; Pignolet v. Geer, 19 Abb. Pr. 268; Bigelow v. Folgar, 2 Metc. (Mass.), 256.

*Martin & Mason*, for respondent.

The complaint is insufficient as a pleading for cancellation of the warrant, or judgment or injunction.   An offer of partial performance is of no effect.   Comp. Laws, § 3459; Cal. Civil Code, § 1486; 25 Am. & Eng. Encyc. Law, p. 110, and cases cited.   A check drawn upon a bank for an amount in excess of the deposit creates no obligation upon the bank to pay, and the officers of the bank have no authority to honor such a check. 2 Dan. Neg. Inst. § 1597, 3d Ed.; 2 Morse, Banks and Banking, § 446, 3d Ed.; Dana v. Bank, 13 Allen 445; Coates v. Preston,

105 Ill. 470.    See, also, 1 Black on Judgments, § 394; Yonge v. Shepperd, 44 Ala. 315.    The pleading is likewise insufficient if the cause be considered as an action in equity to set off mutual claims or demands.    22 Encyc. Law 449 and notes; Id. 451-460; Jenkins v. Anderson, 11 Atl. (Pa.) 558; Comp. Laws, § 5109; Wyvell v. Barwise, 45 N. W. 11; Ullman v. Kline, 87 Ill. 268; Pirie v. Harkness, 3 S. D. 178; Hrock v. Aultman & Taylor Co., 3 S. D. 477; 2 Black on Judgments, §§ 1004, 954.    The matters set out in the complaint are *res judicata* by the judgment recovered by the defendant against the plaintiff.    U. S. v. New Orleans, 98 U. S. 381-395; Gould v. R. R. Co., 91 U. S. 526; Bode v. Inv. Co., 6 Dak. 499, 42 N. W. 658; 2 Black on Judgments, § 754; Guinard v. Haysinger, 15 Ill. 288; 21 Encyc. of Law, 216, 217; Warren v. Cook, 116 Ill. 199, 5 N. E. 538; Kurtz v. Carr, 105 Ind. 574, 5 N. E. 692; Ebersol v. Lattimer, 65 Iowa 164, 21 N. W. 500; Thompson v. Myrick, 24 Minn. 4; Kelly v. Donlin, 70 Ill. 385; Howard v. City of Huron, 5 S. D. 539.

FULLER, J.    This appeal is from an order of the circuit court sustaining a demurrer to the complaint in this action upon the ground that the same does not state facts sufficient to constitute a cause of action.    The object of the suit was to compel the defendant and respondent to deliver up and surrender to the clerk of the circuit court, for cancellation, a $5,000 county warrant, and to require the satisfaction of a judgment which respondent had obtained thereon in an action against plaintiff and appellant herein, and to restrain respondent from assigning or in any manner disposing of, said judgment.    The substantive facts stated in the complaint are, in effect, as follows: Prior to August 14, 1891, appellant, a municipal corporation, had negotiated certain bonds issued by the county for the purpose of defraying the expense of erecting a court house and jail, and James Bradley, who, as county treasurer and custodian of appellant's funds, had received $5,000 as the proceeds

thereof, thereupon deposited the same with respondent, a banking corporation, under an "express agreement that said money should be held by the bank as a special deposit and trust fund for the purpose of paying any warrants drawn upon said court house and jail fund, and that on or about December 16, 1892, the officers and agents of said defendant bank expressly agreed with said James Bradley, as treasurer aforesaid, that the warrant hereinafter set out and described, and the judgment obtained thereon, should be paid and satisfied by this said deposit as aforesaid made by the said Bradley, so far as the same might apply." Following this averment is an allegation that on the 16th day of February, 1892, a judgment, afterward affirmed by this court, was rendered and entered in the circuit court against appellant county, and in favor of the respondent bank, for $5,053.05, including costs upon the $5,000 warrant; and a copy of said judgment and warrant are set out in the complaint. At the time of the deposit a contract for the construction of the court house and jail existed between appellant and Fred Evans, president of the respondent bank, the validity of which was denied, "and the validity and legality of the warrants issued or to be issued to the said Fred Evans in payment therefor were denied, and the same were in litigation in the courts of this state, for which reason the said James Bradley, as county treasurer, had refused to recognize, as valid, or to pay, any warrants issued to said Evans in payment for the erection of said court house and jail, all of which facts were well known to the defendant bank, its officers and agents." It further appears that after the rendition and affirmance of said judgment, and before the commencement of this suit, and while said special deposit of $5,000 was in the possession of the respondent bank under the above-mentioned express agreement upon the part of said bank, to satisfy said judgment therewith so far as the same might apply, said James Bradley, as treasurer of, and in behalf of, appellant county, "demanded of said defendant bank that the said court house and jail fund deposit

of said Bradley as treasurer aforesaid be applied upon the payment of said judgment, and the said Bradley at the said time and place offered to said defendant bank, through its officers and agents, to pay the said defendant bank by and with the said deposit of the court house and jail fund hereinbefore set out, which said demand and offer of said Bradley were, by the officers and agents of the said defendant bank, refused; that thereafter, to wit, on August 25, 1893, the said Bradley, as treasurer aforesaid, received from W. L Judkins, clerk of said court, a statement of the amount of said judgment, with the costs and interests then due and unpaid upon said judgment, and thereupon the said Bradley drew, and delivered to the said Judkins, as clerk of said court, his certain check against the defendant bank for the amount of said judgment, with accrued costs and interest, to be applied to the satisfaction and payment of said judgment, which said check was on the same day, to-wit, August 25, 1893, presented to the cashier of said defendant bank, with the demand of the said Judkins, clerk as aforesaid, that said defendant bank acknowledge satisfaction of said judgment, which the said cashier refused to do,  *  *  *  and that the said defendant bank has at all times refused, and still refuses, to apply the said money so as aforesaid deposited by the said Bradley to the payment of said warrant or judgment, or any part thereof,  *  *  *  notwithstanding the fact that said moneys were so as aforesaid deposited for the sole and only purpose of paying said warrant or judgment. " It is also averred that the bank, said Bradley and his bondsmen are each and all insolvent, and that respondent has, since the rendition of judgment thereon, assigned said warrant, and is about to assign and transfer said judgment, and, unless restrained by the court, will assign and transfer the same, to the irreparable damage and injury of appellant, who is without a speedy, plain and adequate remedy at law.

This complaint, the essential portions of which have been stated, concludes with a prayer sufficient to entitle appellant to

some of the relief demanded, provided the complaint states a cause of action. Bradley, as county treasurer and financial agent of appellant, was charged with the safe keeping and lawful disbursement of the $5,000 deposited with respondent bank pending the litigation between the parties, by which the warrant previously drawn thereon was found to be a legal claim, and was reduced to judgment in respondent's favor, and against the appellant county. Under the agreement entered into between the parties on the 16th day of December, 1892, and after a final determination of the action based upon the $5,000 warrant drawn upon the fund thus specially deposited, it was the duty of respondent to apply the same on said judgment in partial satisfaction thereof. The transaction amounted to a payment of $5,000 by a judgment debtor to a judgment creditor under an agreement and with the understanding that the same should be applied and used, so far as it would go, towards the discharge of an indebtedness evidenced by the judgment to which the agreement related, and an action may be maintained to enforce said contract without any previous demand. Where a bank agrees to apply a special and specific deposit of money to the satisfaction of a judgment existing in its favor against one who has deposited such funds, no further notice, request, or demand is necessary before the commencement of a suit having such agreement for a basis. Catterlin v. Somerville, 22 Ind. 482; Niemeyer v. Brooks, 44 Ill. 77; 5 Am. & Eng. Ency. Law, p. 528, and numerous cases there cited. The beginning of the action itself is a legal demand. Moreover, it is alleged that "on or about June 28, 1893, the said Bradley, as treasurer aforesaid, in behalf of plaintiff, demanded of said defendant bank that the said court house and jail fund deposit of said Bradley, as treasurer aforesaid, be applied upon the payment of said judgment * * * and that said defendant bank has at all times refused, and still refuses, to apply the said money so as aforesaid deposited by the said Bradley to the payment of said warrant or judgment, or any part thereof." The subse-

quent offer to pay the $5,000 deposit in full settlement of the judgment of $5,053.05, and the drawing of a check for that amount upon said bank, are items of no importance; and the view we have taken renders unnecessary a discussion of the right in equity to set off a claim not judicially determined, against one that has been reduced to a judgment. In our opinion the facts alleged in the complaint, if proven, would entitle appellant to some of the relief prayed for, and the order sustaining the demurrer is therefore reversed.